## THE STATE, .JOEL PARKER, PROSECUTOR, v. GEORGE H. IRONS, COLLECTOR OF FREEHOLD.

Commissioners appointed to divide real estate, having invested for the benefit of the widow, who has relinquished her dower, one-third of the money arising from the sale of the land, in pursuance of section twenty-three of the "Act for the more easy partition of lands," &c., do not fall within the class of trustees designated by the seventh section of the tax law of 1866, and are not to be taxed as such.

On *certiorari*.    In matter of taxation.

The real estate of Enoch C. Hendrickson, deceased, was, by order of the Orphans' Court of the county of Monmouth, sold by Joel Parker and others, commissioners appointed to divide the same.    The widow and heirs of deceased agreed in writing, before the sale, that the commissioners should allow one-half of the purchase money to remain unpaid for five years, secured by mortgage on the premises sold, and that they would accept such mortgage as cash.    In pursuance of that agreement, a mortgage of $35,000 was taken in the name of the commissioners for a part of the purchase money, and is in possession of Joel Parker, one of the commissioners, with the accompanying bonds.    The decree of distribution of the proceeds of sale made by said Orphans' Court, orders the interest of one-third of the proceeds of sale after payment of costs, and a purchase money mortgage, paid to the widow of the deceased during her life, (being for her dower right—she having elected to take the interest of a third of the amount for which the property sold,) and the principal, at her death, paid to the heirs of deceased, or whoever by law might be entitled to receive the same.    This one-third amounts to nearly $24,000 of said mortgage, and the commissioners receive the interest annually on that sum, and pay the same to the widow.    The balance of said mortgage, (after deducting some debts, which have been paid by the widow, as one of the administrators of the deceased, and other debts paid by one

State, Parker, pros., v. Irons, Collector of Freehold.

of the commissioners,) is the property of certain of the heirs of the deceased, the others having been paid their share of the estate in full. The widow and heirs interested reside in the township of Manalapan, and the commissioner who has possession of the mortgage, resides in Freehold, in the county of Monmouth.

The assessment was against the prosecutor, as commissioner and treasurer of the heirs of Enoch C. Hendrickson, deceased.

Submitted on written briefs by *B. Gummere*, for prosecutor, and *A. C. McLean*, for defendant.

DALRIMPLE, J. It is claimed that the prosecutor is a trustee and has been, therefore, lawfully assessed under the seventh section of the tax law of 1866. *Nix. Dig.* 952. That section provides that every person shall be assessed in the township or ward where he resides, for all personal property in his possession or under his control, as trustee, guardian, executor, or administrator. The objection to the assessment is, that the prosecutor is not a trustee within the meaning of that word as used in the section referred to. It seems quite clear that the legislature did not intend to use the word in its widest meaning. If so it would comprehend not only executors, administrators, and guardians who are expressly named, but bailees, factors, agents, and, in short, all who occupy any fiduciary position, and might, perhaps, be extended to those who hold money for which, in equity and justice, they are bound to account to another. A sheriff who has collected money on a *fieri facias*, and a clerk of a court who is entrusted with the custody of funds paid into court, are, in a certain sense, trustees, and occupy a fiduciary position ; yet it has never been suggested that they are liable to taxation as trustee on the funds collected or held by them in their official capacity. In my opinion, the legislature used the term " trustee " in its more technical and restricted sense—that is, they intended to designate thereby a class of persons who hold property upon the trust or confidence that they will apply the

same for the benefit of those who are entitled, according to an intention expressed either by the parties themselves, or by the deed, will, settlement, or arrangement of another. In a trust of this kind, we find a trustee who holds property in trust and confidence for the use and benefit of a *cestui que trust*. *Tomlin's Law Dic.* 515. I do not think that commissioners appointed to divide real estate, who have invested for the benefit of the widow, who has relinquished her dower, one-third of the moneys arising from the sale of lands, in pursuance of section twenty-three of the act for the more easy partition of lands, &c., (*Nix. Dig.* 670,*) fall within that class of trustees designated by the seventh section of the tax law of 1866, and who are liable to taxation. They are appointed by the court to perform certain duties. In this case they have made an investment, for a certain purpose, of funds in or under control of the court, and are no more taxable as trustees than any other officer of the court who is entrusted with the safe-keeping or investment of funds which are subject to the order of the court.

The case shows that, prior to the sale of the lands whence arose the moneys for which the mortgage in question was given, there was an agreement in writing that the commissioners should allow one-half the purchase money to remain unpaid, secured by mortgage on the premises sold, for five years, and that the widow and heirs would accept such mortgage as cash. It appears that the widow's interest as dowress was secured by this mortgage, and that the balance, after certain deductions, belongs to certain of the heirs-at-law of the deceased ; but it is not shown anywhere in the case that the relation of trustee and *cestui que trust* was created between the commissioners and widow and heirs of the deceased, or any of them, so as to make the commissioners liable to taxation as trustees upon the whole or any part of the moneys secured by the mortgage.

Whether or not the widow and heirs-at-law interested in the mortgage are taxable from year to year in the township where they reside, to the extent of their respective interest

* *See Rev.*, p. 1046, ?? 18, 19.

in the mortgage, whatever they may be, it is not necessary now to decide.*

For the reason above stated, the tax was improperly levied, and the assessment must be set aside.

Justices BEDLE and DEPUE concurred.

CITED *in State, Clark, pros., v. Grover,* 8 *Vr.* 175; *State, Lomasson, pros., v. Staats,* 10 *Vr.* 654.

---

* See *Holcombe* v. *Holcombe,* 2 *Stew.* 597.